Rich Sturevant SBN 269088
**FINANCIAL RELIEF LAW CENTER, APC**
1200 Main St. Ste C
Irvine, CA 92614
Telephone: (714) 442-3335
Facsimile: (714) 361-5376

Attorneys for Plaintiff,
Afsaneh Javahery

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In Re<br><br>NASSER GHODSIFAR,<br><br>FARISA TAHAN,<br><br>                            Debtors.<br>AFSANEH JAVAHERY,<br><br>                            Plaintiff,<br>v.<br><br>NASSER GHODSIFAR,<br><br>                            Defendants. | Adv. Case No.: 8:23-ap-01058-TA<br><br>Bankruptcy Case No.: 8:23-bk-10500-TA<br><br>Chapter 7<br><br>**SECOND AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §523(a)(2)(A) and 11 U.S.C. §523(a)(4)** |

    Plaintiff Afsaneh Javahery files this Complaint to Determine Dischargeability of Debt against Defendant Nasser Ghodsifar pursuant to 11 U.S.C. §523 and alleges as follows:

## **THE PARTIES**

1. Plaintiff Afsaneh Javahery ("Plaintiff"), at all times mentioned herein, is an individual that resides and conducts business within the County of Orange, State of California.

2. Defendant Nasser Ghodsifar ("Defendant"), at all times mentioned herein, is an individual that resides and conducts business within the County of Orange, State of California.

**VENUE AND JURISDICTION**

3. This Court has jurisdiction over this Adversary Proceeding and Complaint pursuant to 28 U.S.C. §137 and §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

4. Venue for this Adversary Proceeding properly lies in the Central District of California in that the underlying Chapter 7 case was filed by the Debtor in the Central District of California. Venue herein is proper pursuant to the provisions of 28 U.S.C. §1409. The plaintiff consents to entry of final orders or judgment by the bankruptcy court.

5. This Adversary Proceeding arises out of the chapter 7 case of Nasser Ghodsifar and Farisa Tahan, case# 8:23-bk-10500-TA.

**UNDERLYING FACTS**

6. After the passing of her late husband, Plaintiff began to look for an investment to continue to fund her life and her family. Through a family member, Plaintiff became acquainted with Defendant.

7. Defendant is an individual who allegedly owned and managed a restaurant café located directly inside of Hoag Hospital Newport Beach ("Hoag").

8. On or around the later part of 2019, Plaintiff and Defendant entered into a series of conversations wherein Defendant wanted to sell his restaurant café to Plaintiff. Defendant represented that the restaurant made on average $12,000 per month, calculated based on prior year monthly sales.

9. Defendant further represented that because he was the sole individual on the restaurant's lease with Hoag, he had to continue to be part of the business on paper, but would not engage in the day-to-day activities.

10. Between October 2019 and November 2019, Plaintiff and Defendant entered into a series of contracts to form a Partnership. As consideration for forming the Partnership, Plaintiff would pay to Defendant the sum of $95,000. In exchange, Defendant would, amongst other things, (i) be a silent partner, (ii) transfer possession of the restaurant and its inventory to Plaintiff to continue its business activities, and (iii) secure a new lease for the restaurant from Hoag so that the business could continue to operate past the current lease term for Plaintiff's benefit.

11. After entering into these agreement(s), it became clear to Plaintiff that Defendant had misrepresented the financial capabilities of the business. Plaintiff relied upon the financial information

presented by Defendant as to how much income the restaurant generates. This was a material fact that Plaintiff relied upon in entering into the transaction, but also in how much to value the transaction. As soon as Plaintiff first began to operate the business, while nothing in the restaurant changed such as the staff or food products, the restaurant made severely less income than what Defendant represented to be true.

12. Moreover, as time went on, Defendant began to act inconsistent with the terms of the agreement(s) and Plaintiff's understanding. Defendant would continue to take an active role in the day-to-day activities of running the restaurant, which was not contemplated by the parties. Defendant continued to have access to the restaurant's financial information wherein Defendant would collect profits from restaurant sales, and not provide an accounting to Plaintiff.

13. Sometime in early December 2020, Plaintiff contacted Hoag management to discuss certain problems she was having with public access to the café.

14. Hoag management informed Plaintiff that they did not recognize her as an owner of the café, that she was merely a "manager".

15. Plaintiff then set up a meeting with Hoag management in which she was informed that the lease was not "sellable" from the Defendant.

16. More importantly, it became clear to Plaintiff that Defendant could not secure a continued lease as agreed by the parties, rendering the entire Partnership economically impracticable.

17. On December 10, 2020, Plaintiff was involved in a vehicle accident. As a result of the accident, she was unable to work at the café for approximately three weeks.

18. After approximately three weeks, Plaintiff returned to the café and discovered that her keys no longer worked to open its doors.

19. Immediately thereafter, Plaintiff approached the management for Hoag and informed them that the locks to the café were changed.

20. Since the locks were changed, Plaintiff was unable to access her restaurant. Defendant has not allowed Plaintiff access to the restaurant, its books, or sales receipts.

21. As a result of Defendant not being able to secure Plaintiff and/or the Partnership on the lease, Plaintiff was not eligible for business loans or other assistance programs generally available to a

**SECOND AMENDED ADVERSARY COMPLAINT**

business. In order to continue to maintain the business, in 2020 Plaintiff was required to obtain a $45,000 business loan in her individual capacity from her personal funds to continue to maintain the business for which Plaintiff will be liable for even long after the Partnership has been dissolved. Furthermore, without Plaintiff being on the lease, it became increasingly difficult to manage the business which required interaction with the landlord on various items from time to time as needed.

22. After meeting with Hoag Management, Plaintiff contacted Defendant

## FIRST CAUSE OF ACTION

(Exception to Discharge as to Debtor Under 11 U.S.C. §523(a)(2)(A))

23. Plaintiff hereby incorporates all of the allegations of paragraphs 1 through 22 above, inclusive, as though fully stated herein.

24. Upon entering into their Partnership, Defendant represented to Plaintiff that the restaurant makes an average of $12,000 per month of income. Defendant's representation was false as immediately after entering into the Partnership, as Plaintiff worked in the restaurant and made no changes to the food products or restaurant staff, the business never made the monthly income stated by Defendant.

25. Defendant knew that the representation was false when he made it, or that he made the representation recklessly and without regard for its truth.

26. Plaintiff reasonably relied on Defendant's representation in deciding to enter into the Partnership with Defendant.

27. Plaintiff was harmed, and Plaintiff's reliance on Defendant's representation was a substantial factor in causing her harm.

28. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages in an amount to be proven at trial, in an amount in excess of $95,000.00.

29. Plaintiff is informed and believes that Defendants committed the aforementioned acts maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.

**SECOND AMENDED ADVERSARY COMPLAINT**

## SECOND CAUSE OF ACTION

(Exception to Discharge as to Debtor Under 11 U.S.C. §523(a)(4))

30. Plaintiff hereby incorporates all of the allegations of paragraphs 1 through 29 above, inclusive, as though fully stated herein.

31. A fiduciary duty exists between Plaintiff and Defendant with respect to their Partnership. Defendant owed Plaintiff a duty of loyalty, a duty of care, and to act with the utmost good faith for Plaintiff's benefit.

32. Plaintiff is informed and believes that Defendant has breached his fiduciary duty to Plaintiff by, amongst other things, engaging in acts and omissions to Plaintiff's detriment, making material misrepresentations about the restaurant's financial capabilities to entice Plaintiff to enter into the Partnership, and misrepresenting Defendant's ability to secure a lease extension for the restaurant.

33. More specifically, Defendant misrepresented the amount of money that the restaurant was making, and Defendant's ability to secure a continued lease for the restaurant to Plaintiff's benefit.

34. As a result of the misrepresentations by Defendant, Defendant gained an advantage obtaining more money for the Partnership/restaurant purchase then what was fair market value based on Plaintiff's understanding. As a result, Plaintiff overpaid for the restaurant to Defendant's benefit. As a direct, substantial, proximate, and foreseeable result of Defendant's breaches, Plaintiff has suffered damages in an amount to be proven during at trial.

**SECOND AMENDED ADVERSARY COMPLAINT**

**PRAYER FOR RELIEF**

Wherefore, Plaintiff demands judgment against Defendant, and each of them, as follows:

1. That the entire debt owed to Plaintiff by Debtor, in an amount to be proven at trial, not be discharged pursuant to 11 U.S.C. §523(a)(2).
2. That the entire debt owed to Plaintiff by Debtor, in an amount to be proven at trial, not be discharged pursuant to 11 U.S.C. §523(a)(4).
3. For attorney fees and costs of suit herein;
4. For all such and other relief as the Court deems just and proper.

Dated: July 26, 2023    **FINANCIAL RELIEF LAW CENTER, APC**

By: _/s/ Richard Sturdevant_

Richard Sturdevant
Attorneys for Plaintiff,
Afsaneh Javahery